JUDGE ABRAMS

14 CV 10026

David Brafman
AKERMAN LLP
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, FL 33401
Tel. (561) 653-5000
Fax (561) 659-6313
Email: david.brafman@akerman.com

-and-

M. Darren Traub
AKERMAN LLP
666 Fifth Avenue
20th Floor
New York, NY 10103
Tel. (212) 880-3812
Fax (212) 880-8965
Email: darren.traub@akerman.com



*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PINGMD, INC., <br><br> Plaintiff, <br><br> -against- <br><br> PATIENTPING, INC., <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff PINGMD, Inc., formerly known as Dauphin Health, Inc. ("PINGMD" or "Plaintiff"), files this complaint against Defendant PatientPing, Inc. ("PatientPing" or "Defendant"), by its attorneys Akerman LLP, alleges on knowledge as to Plaintiff's own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, common law trademark infringement, unfair competition, and deceptive acts and practices in violation of the laws of the United States and the State of New York. Plaintiff seeks an injunction, recapture of profits, damages and related relief.

## THE PARTIES

2. Plaintiff PINGMD is a Delaware corporation with its principal place of business at 136 Madison Avenue, 6th Floor, New York, New York 10016.

3. Defendant PatientPing is a Delaware corporation with its principal place of business at 1 Main Street, 13th Floor, Cambridge, Massachusetts 02142.

## JURISDICTION AND VENUE

4. Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, and related claims under the statutory and common law of the State of New York. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant because (1) Defendant has committed, and continues to commit, acts of infringement in the Southern District of New York and (2) based upon Defendant's purposeful direction of infringing conduct at Plaintiff in the State of New York, which caused and continues to cause Plaintiff harm in the State of New York. Defendant purposefully directed its activities toward the Southern District of New York when it willfully infringed Plaintiff's intellectual property rights, knowing that Plaintiff has its principal place of business in the Southern District of New York.

6.  Venue is proper under 28 U.S.C. §§ 1391 and 1400 at least because Defendant has committed acts of infringement in this district and Defendant is subject to personal jurisdiction in this district.

### Plaintiff's PINGMD® Trademark

7.  Plaintiff PINGMD is a healthcare solutions company that was founded in 2009 with the vision of redesigning the healthcare experience. In connection with furthering that vision, Plaintiff PINGMD provides various goods and services to healthcare providers and patients to improve workflows, advance communications and improve relationships between patients, physicians and their colleagues.

8.  In 2010, PINGMD began providing a new internet-based solution. That solution enables secure, HIPAA compliant web-based communications by and among healthcare providers, including doctors, care teams and hospital administrators. It also allows those same healthcare providers to securely communicate with their patients, initiated by the patient or the provider with integrated patient and provider alerts.

9.  Plaintiff PINGMD has used the PINGMD® trademark since at least October 2010, in connection with its various healthcare solutions, and owns U.S. Trademark Registration No. 4,040,919 for that trademark (collectively, the "PINGMD® Trademark").

10. U.S. Trademark Registration No. 4,040,919 is valid, subsisting and in full force and effect.

11. As a result of Plaintiff PINGMD's exclusive and extensive use and promotion of its healthcare solutions-focused goods and services branded with the PINGMD® Trademark, that mark has acquired enormous value and recognition in the United States. The PINGMD Trademark is well-known to the consuming public and trade as identifying and distinguishing

3

Plaintiff PINGMD exclusively and uniquely as the source and origin of the high quality goods and services to which they are applied.

### Defendant's Wrongful Acts

12. Apparently, unable to generate its own brand recognition or consumer usage by healthcare providers and/or patients through its own trademarks, Defendant PatientPing decided upon a scheme to use the consumer recognition of the PINGMD® Trademark and the goodwill associated with it, without authorization from Plaintiff PINGMD, to further its own business objectives. In particular, Defendant PatientPing has advertised, offered for sale and/or sold in interstate commerce healthcare solutions good and services branded with the infringing PatientPing trademark (the "Infringing Mark").

13. The acts of Defendant in advertising, offering for sale and/or selling in interstate commerce goods and services branded with the Infringing Mark (a) are likely to cause confusion and mistake among the consuming public that such goods and services originate with Plaintiff, (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendant with Plaintiff, and (c) are likely to cause confusion and mistake among the consuming public that such goods and services are being offered to the consuming public with the sponsorship or approval of Plaintiff.

14. Defendant engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods and services, and to gain to Defendant the benefit of the enormous goodwill associated with the PINGMD® Trademark.

## FIRST CLAIM FOR RELIEF
## (FEDERAL TRADEMARK INFRINGEMENT)

15. Plaintiff adopts, repeats and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 14.

16. Plaintiff PINGMD is the sole and exclusive owner of the PINGMD® Trademark.

17. The PINGMD® Trademark, as used by Plaintiff in connection with its healthcare solutions, is inherently distinctive and/or has acquired secondary meaning.

18. Defendant's use and continuing use of the Infringing Mark in providing identical and/or substantially similar goods and services is an infringement of Plaintiff PINGMD's well-established and federally protected trademark rights under U.S. trademark laws and constitutes federal trademark infringement pursuant to Section 32 of the Lanham Act (15 U.S.C. § 1114).

19. Defendant's activities complained of herein have been without Plaintiff's consent.

20. By continuing to market, offer for sale, and sell the Defendant's goods and services under the Infringing Mark in the manner complained of herein, Defendant has caused and will continue to cause confusion in the marketplace and mislead the public into believing that the Defendant's goods and services are associated with, sponsored by, and/or approved of by Plaintiff, thereby depriving Plaintiff of the goodwill and reputation attached to the PINGMD® Trademark.

21. Defendant's ongoing marketing, offering for sale, and sale of its goods and services under the Infringing Mark is wrongful, intentional and in deliberate and knowing disregard of Plaintiff's exclusive ownership rights.

22. Defendant has failed and refused to discontinue the activities complained of herein despite having received actual notice that these activities infringe Plaintiff's exclusive

rights. Defendant's activities, including after receiving such notice, render Defendant's infringement intentional and willful.

23. Pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Defendant's willful, deliberate actions permit recovery of profits, damages and costs by Plaintiff, including treble damages and Plaintiff's attorney fees.

24. Defendant's activities complained of herein have caused and, unless restrained and enjoined, will continue to cause irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### (FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION)

25. Plaintiff adopts, repeats and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 24.

26. Defendant's use and continued use of the Infringing Mark in providing identical and/or substantially similar goods and services is an infringement of Plaintiff's exclusive rights and are likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of Defendant's goods and services by Plaintiff, in violation of 15 U.S.C. § 1125(a).

27. Defendant's activities complained of herein are in bad faith, with the intent to trade upon the goodwill and reputation established by Plaintiff, to create confusion in the public mind and to misappropriate Plaintiff's rights in said goodwill and reputation, all to the irreparable injury of Plaintiff.

28. Pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Defendant's willful, deliberate actions permit recovery of profits, damages and costs by Plaintiff, including treble damages and Plaintiff's attorney fees.

29. Defendant's activities complained of herein have caused and, unless restrained and enjoined, will continue to cause irreparable damage and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

30. Plaintiff adopts, repeats and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 29.

31. The aforementioned acts of Defendant constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

32. Such conduct on the part of Defendant has allowed Defendant to wrongfully profit and has injured Plaintiff in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (N.Y. GENERAL BUSINESS LAW § 349)

33. Plaintiff adopts, repeats and realleges each and every allegation previously set forth in this Complaint as if fully set forth in this paragraph 32.

34. The aforementioned acts of Defendant constitute deceptive acts and practices, and cause consumer injury. These aforementioned acts of Defendant not only harm Plaintiff, but also harm the public interest, in violation of New York General Business Law § 349.

35. Such conduct on the part of Defendant has allowed Defendant to wrongfully profit and has injured Plaintiff in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray that this Court enter judgment against Defendant and in favor of Plaintiff as follows:

A. Ruling that Defendant's activities complained of herein are unlawful under Federal and New York law;

B. Permanently enjoining and restraining Defendant, its respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them, from:

    (1) using, in any fashion, the Infringing Mark, the PINGMD® Trademark, or any variations thereof or any trade name, trademark or service mark confusingly or deceptively similar to the PINGMD® Trademark in connection with the promotion, advertising, solicitation, operation, conduct and expansion of Defendants' business;

    (2) engaging in any other activity constituting unfair competition and unfair or deceptive acts or practices with Plaintiff, or constituting an infringement of the PINGMD® Trademark, or of Plaintiff's rights in, or right to use or exploit such trademarks;

    (3) making any statement or representation whatsoever, with respect to the infringing goods and services at issue, that falsely designates the origin of the services as those of Plaintiff, or that is false or misleading with respect to Plaintiff; and

    (4) engaging in any other activity, including the effectuation of assignments or transfers of its interests in the Infringing Mark, or other infringements of the PINGMD® Trademark, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections B(1) through B(4) above.

C. Ordering Defendant, its respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them to deliver to Plaintiff for destruction, all advertisements, brochures, promotional materials, signs, stationery, business cards, other written material or audiovisual items, clothing, personal accessories, or any other product or thing which depicts or otherwise disclose the Infringing Mark, or any name or mark confusingly similar thereto;

D. Ordering Defendant, its respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them to fully compensate Plaintiff for the preparation and distribution of any necessary corrective advertising;

E. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any goods and services at issue in this case that have been offered for sale, sold or otherwise circulated or promoted by Defendant is authorized by Plaintiff, or is related to or associated in any way with Plaintiff's goods and services.

F. Requiring Defendant to account and pay over to Plaintiff, all profits realized by its wrongful acts and directing that such profits be enhanced due to, *inter alia*, Defendant's willful actions.

G. Awarding Plaintiff damages for the injuries sustained by Plaintiff and directing that such damages be trebled due to, *inter alia*, Defendant's willful actions.

H. Awarding Plaintiff its costs and reasonable attorneys' and investigatory fees, expenses, costs, together with pre-judgment interest.

I. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

J. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial.

Dated: New York, New York
December 19, 2014

                            Respectfully submitted,

                            **AKERMAN LLP**

                            */s/ David Brafman*
                            David Brafman
                            777 South Flagler Drive
                            Suite 1100, West Tower
                            West Palm Beach, FL 33401
                            Tel. (561) 653-5000
                            Fax (561) 659-6313
                            Email: david.brafman@akerman.com

                            -and-

                            M. Darren Traub
                            AKERMAN LLP
                            666 Fifth Avenue
                            20th Floor
                            New York, NY 10103
                            Tel. (212) 880-3812
                            Fax (212) 880-8965
                            Email: darren.traub@akerman.com

                            *Attorneys for Plaintiff*